## J. M. HUNT, ET AL. v. A. T. FISH.

[Abstract Kentucky Law Reporter, Vol. 7—597.]

**Secret Trust Between Husband and Wife.**

Where a wife, the owner of personal property, entrusts it to her husband under a secret trust to sell it and use the money to purchase real estate, to be taken in her name, and the husband buys real estate, taking title in his own name, the wife may not assert such secret trust to defeat her husband's creditors who trusted him by reason of his apparent ownership of such property. The equity of the wife in such case is not superior to that of such creditors.

APPEAL FROM ROCKCASTLE CIRCUIT COURT.

February 13, 1886.

OPINION BY JUDGE PRYOR:

Here was a conversion of the wife's personal estate (that she claims was her separate estate created by parol) by the husband and the proceeds invested in land with the deed made to the husband. A creditor sought to subject the land, and the question made was as to the right of homestead. On appeal to this court it was decided adversely to the claim.

On the return of the case the wife filed her petition in the court below claiming a separate estate in some personalty that had been sold by the husband under an agreement by him that he would invest it in the land for the wife's benefit; that he failed to do this

and had the deed made to himself. The personal estate seems to have been given by the father of Hunt to his, Hunt's, wife, and was used on the farm, the wife loaning or permitting her husband to use the property as well as the money she claims belonged to her. She had $200 that she now says she handed to her husband to pay for the land, with the understanding and agreement that the deed was to be made to her. The husband seems to have had credit buying and selling stock, and here was a secret parol agreement between the husband and wife that is sought to offset the claims of creditors whose rights have attached, when the title to the property of record is in the husband; not only so, but a litigation was had over this same realty in which the right to a homestead was asserted, and no claim whatever made by the wife, or the husband for her, but after the homestead is denied, this parol agreement between the husband and wife is relied on to defeat the creditor, and to do this a separate estate is attempted to be shown by parol as giving to the wife a separate estate in the money with which the land was purchased.

While cases of hardship may now and then arise by reason of the failure on the part of the husband to execute such agreements, when the rights of creditors intervene and have created liens on the estate the chancellor ought not upon this character of proof regard the equity of the wife as superior to the claims of creditors. First, a separate estate in personalty created by parol, and second, a parol agreement between husband and wife as to how the proceeds of the personalty is to be invested, are established to destroy the claims of creditors, with the legal title in the husband, and after the rights of the creditor have been litigated and the property subjected to the payment of his debt. The chancellor will not now interfere, and the judgment below is *affirmed*.

*W. O. Bradley, J. K. McCleary, J. A. Stewart, for appellants.*
*Sam M. Burdett, for appellee.*